UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00215

**David Lavord Dodd,**
*Plaintiff,*

v.

**Palestine Police Department et al.,**
*Defendants.*

# ORDER

 Plaintiff, proceeding pro se, filed this lawsuit alleging deprivations of his constitutional rights. Doc. 1. He did not pay the filing fee. The case was referred to a magistrate judge, who issued a report and recommendation. Doc. 3. The magistrate judge concluded that plaintiff's lawsuit should be barred by 28 U.S.C. § 1915(g)'s three-strikes rule. *Id.* at 2–3. Therefore, the magistrate judge recommended dismissing plaintiff's lawsuit with prejudice as to the refiling of another in-forma-pauperis lawsuit raising the same claims, but without prejudice as to the refiling of this lawsuit upon payment of the filing fee or proof of imminent danger. *Id.* at 3–4.

 Plaintiff filed objections. Doc. 4. First, he objected that he was arrested without probable cause. *Id.* at 1. Second, he objected that he fears for his life because an officer told him "that [the officer] will be seeing [plaintiff] on the outside," that same officer previously choked him, other officers have threatened inmates, and inmates have died in his jail. *Id.*

 The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th

Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff's objections lack merit. He does not show that his complaint pleads an imminent threat of danger or that his suit is otherwise not barred by the three-strikes rule. Instead, his first objection merely recites the allegations in his complaint. And his second objection shows only a generalized fear of harm. Allegations of past harm coupled with speculation of future harm are insufficient to show imminent danger under § 1915(g). *See Floyd v. Lumpkin*, No. 22-40693, 2023 WL 1793874, at *1 (5th Cir. Feb. 7, 2023) (per curiam) (unpublished) (citing *Baños v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998) (per curiam)).

Having reviewed the report de novo and being satisfied that there is no error, the court accepts its findings and recommendations. Plaintiff's claims are dismissed with prejudice as to the refiling of another in-forma-pauperis lawsuit raising the same claims, but without prejudice as to the refiling of this lawsuit upon payment of the filing fee or proof of imminent danger. Any pending motions are denied as moot.

*So ordered by the court on October 28, 2025.*

J. Campbell Barker
United States District Judge